**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian S. Sharp,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-08133-PCT-DWL<br><br>**ORDER** |

       Plaintiff Brian S. Sharp ("Sharp") has moved for reconsideration (Doc. 20) of the Court's March 5, 2019 Order (Doc. 17) finding reversible error by the ALJ and remanding his case for further proceedings. Sharp asks the Court to remand for an award of benefits. For the following reasons, the Court denies the motion.

**DISCUSSION**

I.    <u>Legal Standard</u>

       The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). However, motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Indeed, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Accordingly, a

motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

II. Analysis

The motion for reconsideration contains citations to an array of Social Security cases in which courts remanded to the ALJ for an award of benefits (as opposed to remanding for further proceedings). (Doc. 20 at 3-6.) Sharp contends he was unable to submit these authorities "before the rationale expressed in the Order remanding for further administrative proceedings." (*Id.* at 7.)

This contention lacks merit. Sharp argued in his opening brief, and again in his reply, that the Court should remand for an award of benefits. (Doc. 13 at 19-22; Doc. 15 at 4.) He also cited *Rawa v. Colvin*, 672 Fed. App'x 664 (9th Cir. 2016), as a case supporting his position. (Doc. 13 at 20.) The motion for reconsideration, which also discusses *Rawa*, simply constitutes an attempt to provide additional case law in support of this argument. This is improper under LRCiv. 7.2(g)(1), which provides that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."

The reconsideration request also fails on the merits. Sharp cites unpublished Ninth Circuit cases and several district court cases for the proposition that "[r]emand for further proceedings is not needed because there are no medical opinions in the record to support a finding of disability, so long as a claimant has established medically determinable impairments that may reasonably be expected to result in the reported symptoms." (Doc. 20 at 3-6.) But Sharp ignores clearly established Ninth Circuit case law providing that, "[w]hen the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Only in rare circumstances, then, should the court remand for an award of benefits. The appropriate rule, as indicated in the Court's Order, is the credit-as-true rule. Moreover, the Ninth Circuit has noted that courts are

required "to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003)); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, as the Court found when applying the credit-as-true rule, "administrative proceedings would arguably serve a useful purpose," because "[o]ther than Sharp's testimony, there is little evidence in the record indicating that Sharp's atrial fibrillation is disabling." (Doc. 17 at 10-11.) The Court also applied *Garrison* and found "the record as a whole 'creates serious doubt that [Sharp] is, in fact disabled'" because "no medical opinions in the record suggest Sharp is incapable of working." (*Id.* at 11, citing *Garrison*, 759 F.3d at 1021.) Sharp does not seem to dispute the Court's factual conclusions regarding the lack of any supporting evidence in the record. He simply cites nonbinding cases, with different facts, in which courts reached a different outcome. The Court is not required to follow such cases, particularly where the scope-of-remand decision is discretionary. *Cf. Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) ("Even if [the court] reach[es] the third step and credit[s] the claimant's testimony as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings.").

Accordingly, **IT IS ORDERED** that Sharp's motion for reconsideration (Doc. 20) is **DENIED**.

Dated this 26th day of March, 2019.

Dominic W. Lanza
United States District Judge